UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY DEON MOORE

    Plaintiff,

v.                              Case No: 2:14-cv-57-FtM-29DNF

MICHAEL D. CREWS and THOMAS REID,

    Defendants.
_____/

## ORDER OF DISMISSAL

This matter comes before the Court upon periodic review of the file. Stacey Deon Moore ("Plaintiff"), a prisoner currently incarcerated at the Charlotte Correctional Institution in Punta Gorda, Florida, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed January 30, 2014). Plaintiff has also filed a motion to proceed *in forma pauperis* (Doc. 2).

Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review Plaintiff's complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings.

For the reasons set forth in this Order, Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

I. Complaint

The facts underlying Plaintiff's claims are alleged as follows:

On October 30, 2013, "an isolated incident occurred inside of G-Dorm wing 3 that required immediate staff assistance." (Doc. 1 at 8). The incident was quickly stabilized, and the injured were provided with medical assistance, but security failed to return to normal operations. Id. at 8-9. Accordingly, the entire G-Dorm population was on lockdown status for seventy-two hours. Id. at 9. Plaintiff asserts that this lockdown was in violation of Florida Administrative Code Chapter 33-602.206. Id.

Plaintiff filed grievances regarding the incident, but the grievances were denied (Doc. 1-1). Plaintiff was informed by the warden that "[a]s a result of the incident on 10/30/13, the administration deemed it necessary to restrict the movement of inmates who were housed in G-Dorm to ensure the safety of staff and inmates." (Doc. 1-1 at 8).

Plaintiff alleges that, as a result of the lockdown, he has "suffered from cruel and unusual punishment without due process of law or authority in violation of the United States Constitution." (Doc. 1 at 9). As relief, he seeks a declaration that his

constitutional rights have been violated; a preliminary and permanent injunction forbidding future unlawful acts; and monetary damages. Id. at 10.

**II. Legal Standards**

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915.  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
>> (A)  the allegation of poverty is untrue; or
>>
>> (B) the action or appeal-
>>
>>> (i)   is frivolous or malicious;
>>>
>>> (ii)  fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact.

- 3 -

Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327.  In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

### III. **Analysis**

To state a claim under § 1983, a plaintiff must allege that: (1) a violation of a specific constitutional right or federal statutory provision; (2) was committed by a person acting under color of state law. Doe v. Sch. Bd. of Broward County, Fla., 604 F.3d 1248, 1265 (11th Cir. 2010).  Construing Plaintiff's claims in a liberal fashion, the Court determines that he seeks damages and injunctive relief from the defendants because he was denied due process of law prior to being placed on lockdown status for seventy-two hours (Doc. 1 at 8-9).

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court concludes that the complaint fails to state a federal due process claim upon which relief can be granted.  For the defendants to have committed a due process violation, Plaintiff must have been deprived of life, liberty, or

- 4 -

property. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In determining whether a protected interest is implicated and the Due Process Clause attaches in the prison context, the expectations created by state regulations are not conclusive; rather, the Court looks at the nature of the sanctions imposed. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Sanctions imposed by prison officials on inmates do not implicate due process concerns unless the sanctions impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999) (no due process violation unless "a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court" or "the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit imposes atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life" (quoting Sandin, 515 U.S. at 484)).

Here, Plaintiff has not alleged the infringement of a protected life, liberty, or property interest. Plaintiff does not allege that he lost any gain time or was otherwise disciplined as a result of the incident referenced in the complaint. Rather, Plaintiff alleges that, as a result of security concerns, his entire dormitory was placed on lockdown status which lasted

seventy-two hours, even though the situation that instigated the lockdown lasted only a few minutes (Doc. 1 at 8-9). This seventy-two hour lockdown period did not impose such a hardship on Plaintiff so as to infringe on a protected interest. Sandin, 515 U.S. at 486 (placement in segregated confinement for 30 days did not infringe on protected liberty interest); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (placement in administrative confinement for two months does not infringe on protected liberty interest); see also Rust v. Grammer, 858 F.2d 411, 413 (8th Cir. 1988)( lockdown of maximum security cells in state prison to regain control of a disruptive situation did not violate the due process clause). Plaintiff's complaint fails to state a due process claim related to the seventy-two hour lockdown described in the complaint.

To the extent Plaintiff asserts that the lockdown amounted to cruel and unusual punishment so as to implicate the Eighth Amendment, his claim is equally flawed. Plaintiff concedes that the lockdown was the result of a legitimate security concern. A prison security measure undertaken to control a disturbance does not rise to the level of an Eighth Amendment violation unless officials acted in bad faith and for no legitimate purpose. Whitley v. Albers, 475 U.S. 312, 321-22 (1986). Plaintiff has not alleged that prison officials acted in bad faith or without legitimate purpose; rather, he complains that the duration of the prison

lockdown exceeded what was necessary to restore order. Prison administrators are accorded wide deference in the execution of policies and practices that "are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). Choosing the optimal "prophylactic or preventive measures" to prevent violence and maintain safety is difficult and not readily susceptible to judicial evaluation. Whitley v. Albers, 475 U.S. 312, 322 (1986); Pell v. Procunier, 417 U.S. 817, 827 (1974)(recognizing the difficulties in "maintaining internal order"). This Court will not interfere with the prison administration's determination that a seventy-two hour lockdown was necessary to restore order and ensure inmates' safety after the security incident referenced in the complaint. Accordingly, Plaintiff has failed to state a claim for cruel and unusual punishment under the Eighth Amendment.

**IV. Conclusion**

The allegations set forth in Plaintiff's complaint provide no basis for 42 U.S.C. § 1983 recovery. Therefore, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

ACCORDINGLY, it is hereby **ORDERED:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED.**

2. Plaintiff's 42 U.S.C. § 1983 complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

3. The **Clerk of the Court** is directed to terminate all pending motions, to close this case, and to enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this __4th__ day of February, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 2/4/14
Copies to: Stacey Deon Moore